[Civ. No. 442. Third Appellate District.—December 5, 1931.]

H. O. ADAMS, Plaintiff, v. JOHN CHRISTOPHER et al., Defendants; D. E. BURGESS et al., Interpleaders.

INDEMNITY INSURANCE COMPANY OF NORTH . AMERICA (a Corporation), Appellant, v. D. E. BURGESS, Respondent.

R. C. Pardoe for Appellant.

Herbert H. Briggs for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a judgment which was rendered in favor of a subcontractor for labor performed in painting a state building at the Napa state hospital. The judgment is against the surety on an indemnity bond 'which was filed by the general contractor as required by law. The respondent was an intervener in an action which was brought by another subcontractor. The issues which are involved herein were presented by means of a cross-complaint.

The defendant Christopher held a contract with the department of public works of California for the construction of a building at Napa state hospital. A contractor's bond was filed as required by law. The appellant Indemnity Insurance Company of North America was the sole surety on this bond. It was executed as security for the total sum of $17,242.50. The plaintiff and several other subcontractors were employed in erecting the structure. The building was completed and accepted January 19, 1929. The materialmen and laborers were not all paid. The sum of $7,826.76 remained in the custody of the state controller for the payment of valid approved claims.

This action was commenced by the plaintiff Adams, who was also a subcontractor, against the general contractor, the indemnity company, the department of public works and others. On motion of the state department, pursuant to section 386 of the Code of Civil Procedure, this respondent and other subcontractors were directed to interplead.

The respondent thereupon filed an answer and cross-complaint. The answer controverted the essential allegations of the complaint. The cross-complaint affirmatively alleged a cause of action against the contractor and his surety and the department of public works, for services performed in painting the building which is involved in the original contract. The respondent also sought to establish a lien upon the state fund to secure the payment of his claim. The plaintiff demurred to the cross-complaint on the ground that it failed to state facts entitling the respondent to a lien on the state fund. This demurrer was sustained and the court held that the respondent had forfeited his right to a lien for failure to commence his action within the time allowed by law. This ruling had no application to the right of the respondent to maintain an action for compensation for services performed, as distinguished from his effort to establish a lien to secure the payment thereof.

The appellant also filed a separate demurrer to the respondent's cross-complaint on the ground that it fails to state facts sufficient to constitute a cause of action against the surety company. The statute of limitations was also invoked. This demurrer was overruled. In so doing, the court declared pursuant to section 579 of the Code of Civil Procedure that ''said cross-complaint of D. E. Burgess, . . . be regarded and treated as an independent original complaint''.

By stipulation of respective parties a judgment was rendered in the original action in favor of the various subcontractors, other than the respondent, whose stop notices had been filed as required by law, for the several amounts found to be due to them. The satisfaction of this judgment exhausted the fund which was reserved by the state controller for the payment of obligations incurred pursuant to the original contract. The respondent's cause of action against the surety company, as it is alleged in the cross-complaint, was separately tried by the court. Findings of facts were adopted. A separate judgment was accordingly entered against the surety company and in favor of the respondent for the amount of $1418, and the further sum of $400 attorney's fees. From this last-mentioned judgment the surety company has appealed.

The appellant asserts that the sustaining of the plaintiff's demurrer to the cross-complaint eliminated the respondent from the action, and that the court was without jurisdiction to render a judgment upon the cross-complaint against the surety company; that the cross-complaint fails to state a cause of action, and that section 1184a of the Code of Civil Procedure limits the right to commence a suit of this nature to ninety days from the time allowed by law for filing a notice of lien, and that the respondent's cause was therefore barred.

This action was originally brought by the plaintiff against the contractor and his surety and the department of public works of the state of California, pursuant to the provisions of "An Act to secure the payment of. claims of persons employed by contractors upon public works," etc. (Stats. 1919, p. 487), as amended by Statutes of 1925, at page 538.

The respondent's action for compensation for services performed was not barred by the statute of limitations. The statute specifically authorized him to commence this suit at any time within six months from the time allowed for filing verified claims therefor. This time within which the action was authorized to be commenced did not expire until April 19, 1929. His cross-complaint was filed October 15, 1929.

Section 2 of this amended act provides that:

"Actions against the state, public board, commission, or officer thereof, or the political subdivision of the state, or the disbursing officer whose duty it is to make payments under the provisions of the contract for the public improvement in question, brought by any claimant who has filed claim under this act, or his assign, shall be governed by the provisions of sections" 1184 to 1184c of the Code of Civil Procedure.

Section 1184a, *supra*, provides:

"No action to enforce the payment of any such claim shall be commenced . . . prior to the expiration of the period within which claims of lien must be filed for record, as prescribed by section one thousand one hundred eighty-seven of this code, nor shall any such suit be commenced later than ninety days following the expiration of such period."

It is true that evidence of the acceptance of a building by the owner is deemed to be equivalent to the completion thereof. Section 1187 provides in part:

"In case such notice (of completion) be not so filed, then all persons claiming the benefit of this chapter shall have ninety days after the completion of said work of improvement within which to file their claims of lien."

In the present case it is conceded the building in question was accepted January 19, 1929. The respondent Burgess filed his notice of claim January 25, 1929. He did not commence his action, however, until his cross-complaint was filed October 15, 1929. Section 1187, *supra*, requires verified claims for lien to be filed within ninety days from the date of acceptance of the structure. This time for filing notices of lien in the present case therefore expired April 19, 1929. Pursuant to that portion of the section last mentioned it is provided: "No action *to enforce the payment of any such claim* shall be commenced . . . later than ninety days following the expiration of such period" for filing verified claims. It follows that July 18th was the last day upon which a suit to establish a lien to enforce the payment of a claim, in this case, was authorized to be commenced. Since the respondent did not commence his suit until October 15, 1929, he lost his right to enforce a lien for the payment of his claim. The court therefore properly sustained the plaintiff's demurrer to the respondent's cross-complaint. This order affected the cross-complaint only to the extent to which it sought to establish a lien upon the state fund for the payment of his claim. This does not mean that he also forfeited his right to maintain an action for compensation for the services which he performed. Clearly the foregoing provision of the code merely limits the time within which a claimant may commence an action to establish a lien to secure the payment of his claim. Moreover, section 2 of the amended statute first above referred to specifically authorizes a claimant for labor performed or materials furnished, to commence his action for compensation therefor, at any time within six months after the time allowed for filing verified claims. That section reads:

"Suit against the surety or sureties on the bond of a contractor required under section one hereof, may be

brought by any claimant, or his assign, at any time after the claimant has ceased to perform labor or furnish material or both and until the expiration of six months after the period in which verified claims may be filed as provided herein. The filing of a verified claim shall not be a condition precedent to the maintenance of such action against the surety or sureties on the bond, and an action on such bond may be maintained separately from and without the filing of an action against the board, commission, officer or other body by whom such contract was awarded. And upon the trial of any such action, the court shall award to the prevailing party a reasonable attorney's fee, to be taxed as costs, and to be included in the judgment therein rendered.''

The court was warranted in adopting its finding that, ''in and by the terms of the contractor's bond given in said matter, a period of six months was provided in which to bring the action thereon, which period did not expire until the 19th day of October, 1929''. The record amply supports this finding. Both the law and the stipulation of the bond authorized the commencement of respondent's action on or before October 19, 1929. The action was therefore not barred by the statute of limitations.

By the provisions of the statute last above quoted the respondent was authorized to maintain this suit for compensation for services rendered against the surety without joining the contractor, the department of public works, or any of the officers thereof, and without having first filed a verified notice of claim therefor.

Under the circumstances of this case the respondent's cross-complaint may be deemed to be the commencement of his action against the Indemnity Insurance Company of North America, as surety for the original contractor, for whom he rendered services. Both were parties to the original action. The issues were duly framed and tried. The appellant had every opportunity to present any legitimate defense to the action which it possessed. The appellant was not prejudiced by severing the respondent's suit for compensation from the action of the other subcontractors who were authorized to maintain proceedings to enforce their liens. Section 579 of the Code of Civil Procedure authorizes this severance. It provides:

"In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper."

This procedure is the precise process which was adopted by the court in the present case. The appellant was not harmed by this separation of the causes.

In the absence of a special demurrer, we deem that the allegations of the cross-complaint sufficiently state a cause of action against the appellant for compensation.

The language of the statute above quoted also authorizes the allowance of a reasonable attorney's fee in a suit of this nature. We are unable to say the sum of $400 which was allowed for that purpose is an unreasonable amount under the circumstances of this case. This allowance finds ample support in the record.

The judgment is affirmed.

Plummer, J., and Preston, P. J., concurred.

'A' petition for a rehearing of this cause was denied by the District Court of Appeal on January 4, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 1, 1932.